United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EARL HARVEY, aka Abdul O Shakur,<br><br>            Plaintiff,<br><br>              v<br><br>R DROWN, et al,<br><br>            Defendants.<br>_____/ | No C-09-2463 VRW (PR)<br><br><br><br>ORDER OF DISMISSAL |

      Plaintiff, a prisoner at Pelican Bay State Prison ("PBSP"), has filed a pro se complaint under 42 USC section 1983 alleging that PBSP officials violated his First Amendment rights by interfering with his mail delivery service.  In his complaint, plaintiff identifies four claims, the first two of which he has included in a separately-filed action (see case No C-09-2353-VRW (PR)) and which he admits are unexhausted.  See Doc #1 at 1-2.  The third claim pertains to an incident that took place in March 2008 involving a letter from plaintiff's sister that was confiscated by PBSP officials on the ground that it involved gang activity.  Doc #1 at 5.  The fourth claim pertains to an August 19, 2008 incident

where PBSP officials confiscated one of his incoming pieces of mail, again on the ground that it promoted gang activity. Doc #1 at 6.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 USC § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. <u>Balistreri v Pacifica Police Dep't</u>, 901 F2d 696, 699 (9th Cir 1990).

A

As an initial matter, the two claims plaintiff admits are unexhausted (claims one and two) are DISMISSED. See 42 USC § 1997e; <u>Vaden v Summerhill</u>, 449 F3d 1047, 1051 (9th Cir 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed); <u>McKinney v Carey</u>, 311 F3d 1198, 1199 (9th Cir 2002).

B

In claims three and four, plaintiff alleges that PBSP

2

1 officials violated his constitutional rights by interfering with his
2 mail delivery service, citing two isolated incidents in March 2008
3 and on August 19, 2008.
4     Prisoners enjoy a First Amendment right to send and
5 receive mail.  See Witherow v Paff, 52 F3d 264, 265 (9th Cir 1995)
6 (citing Thornburgh v Abbott, 490 US 401, 407 (1989)).  A prison,
7 however, may adopt regulations or practices which impinge on a
8 prisoner's First Amendment rights as long as the regulations are
9 "reasonably related to legitimate penological interests."  See
10 Turner v Safley, 482 US 78, 89 (1987).  The Turner standard applies
11 to regulations and practices concerning all correspondence between
12 prisoners and to regulations concerning incoming mail received by
13 prisoners from non-prisoners.  See Thornburgh, 490 US at 413.
14 An isolated incident of mail censorship or interference due to an
15 "honest error" by prison officials, however, does not justify relief
16 under section 1983, however.  See Lingo v Boone, 402 F Supp 768, 773
17 (ND Cal 1975).
18     Here, plaintiff asks the court to view the incidents
19 complained of in claims three and four in conjunction with a lawsuit
20 he has pending against PBSP officials for First Amendment violations
21 based on interference with his right to send and receive mail.  Doc
22 #1 at 5; see case No C-08-2894-VRW (PR).  The court declines to do
23 so, and instead DISMISSES these claims without prejudice.  Should
24 plaintiff wish to include the March 2008 and August 19, 2008
25 incidents in his pending complaint, case No C-08-2894 VRW (PR), he
26 must file a motion in that case seeking a stay of proceedings and

1  leave of court to file an amended complaint.

3                               III

4        For the foregoing reasons, the complaint is DISMISSED. The clerk is directed to terminate any pending motions as moot, enter judgment in accordance with this order and close the file.

8        IT IS SO ORDERED.

```
                              _____
                              VAUGHN R WALKER
                              United States District Chief Judge
```

26  G:\PRO-SE\VRW\CR.09\Harvey-09-2463-dismissed.wpd